# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
January 2000 Session

## STATE OF TENNESSEE v. AARON McFARLAND

**Direct Appeal from the Criminal Court for Shelby County**
**No. 97-08162, Arthur T. Bennett, Judge**

---

**No. W1999-01410-CCA-R3-CD - Decided - August 4, 2000**

DAVID G. HAYES, J., concurring.

The majority finds the defendant's suppression issue non meritorious under Fifth Amendment analysis. While I do not disagree with the analysis, I believe the factual scenario presented requires review under Sixth Amendment analysis. At both the suppression hearing and at trial, the interviewing officer testified that the defendant "had been arrested the night before by uniformed officers and was in juvenile court." The defendant was interviewed the following morning around 11:00 a.m., after the officer "checked him out of juvenile court" and transported him to the police department's homicide division. I can only assume from these facts that, at the time of the police questioning, the defendant had been charged with the homicide of Terrell Deon Bullard. If this assumption is correct, then adversarial proceedings had been initiated and the defendant's Sixth Amendment, rather than his Fifth Amendment right to counsel, had attached.

Thus, the relevant question is not whether the defendant's statement was voluntarily obtained under a totality of the circumstances review which <u>would</u> permit an invoking of his right to counsel and subsequent waiver but, rather, following arrest, whether he waived his right to counsel. <u>See Michigan v. Jackson</u>, 475 U.S. 625, 639, 106 S.Ct. 1404, 1407 (1986); <u>Brewer v. Williams</u>, 430 U.S. 387, 97 S.Ct. 1232 (1977); <u>see also</u> <u>State v. Mitchell</u>, 593 S.W.2d 280, 283 (Tenn.), <u>cert. denied</u>, 449 U.S. 845, 101 S.Ct. 128 (1980); <u>State v. Butler</u>, 795 S.W.2d 680, 685 (Tenn. Crim. App. 1990); <u>State v. Webb</u>, No. 03C01-9112-CR-00414 (Tenn. Crim. App. at Knoxville, Mar. 29, 1996). In other words, once the Sixth Amendment right to counsel is invoked by the accused, the "bright-line rule" follows: <u>a subsequent waiver of that right --even if voluntary, knowing, and intelligent under traditional standards - is presumed invalid if secured pursuant to police-initiated conversation</u>." <u>Michigan v. Harvey</u>, 494 U.S. at 345, 110 S.Ct. at 1177 (interpreting <u>Michigan v. Jackson</u>, 475 U.S. at 625, 106 S.Ct. at 1404) (emphasis added).

I agree with the majority that the record supports the conclusion that the defendant never invoked his right to counsel. Moreover, I am not aware of any law that would permit a third party to invoke the right to counsel on behalf of a sixteen year old juvenile. This right, which is personal

to the accused, may only be invoked by the accused or by retained counsel. Thus, under either Fifth or Sixth Amendment analysis, the defendant's confession was properly admitted into evidence.[1] For these reasons, I concur.

_____

DAVID G. HAYES, JUDGE

---

[1]Although any review of whether an accused has waived his Sixth Amendment right to counsel may necessarily involve consideration of his Fifth Amendment right to counsel via Miranda, the two are distinguished in purpose. The right to counsel provided by Miranda under the Fifth Amendment protects against coercion relative to self-incrimination, while the right to counsel under the Sixth Amendment guarantees, after formal charges have been brought, the right to legal assistance at any critical confrontation with State officials, irrespective of coercion. See State v. Walker, No. 03C01-9110-CR-00346 (Tenn. Crim. App. at Knoxville, Feb. 22, 1993).